# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. BARRETT,<br><br>             Plaintiff,<br><br>      v.<br><br>CATE, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:09-cv-01741-LJO-GSA PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT AS UNNECESSARY AND DENYING MOTIONS FOR SERVICE OF COMPLAINT ON DEFENDANTS<br><br>(Docs. 9, 11, 12.)<br><br>RESPONSE DUE IN THIRTY DAYS |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Robert E. Barrett, a state prisoner proceeding pro se. Plaintiff filed the complaint in this action on October 5, 2009. (Doc. 1.) On December 24, 2009, Plaintiff filed motions requesting service by the U.S. Marshall on December 24, 2009 and March 1, 2010. (Docs. 9, 11.) On March 2, 2010, Plaintiff filed a motion requesting leave to supplement the Complaint, pursuant to Federal Rule of Civil Procedure 15(d), "based upon actions that have taken place since filing the above-entitled complaint" so as to economize judicial resources  (Doc. 12.)

Plaintiff may amend once as a matter of right before service of a responsive pleading by defendants. Fed. R. Civ. P. 15(a). Because Plaintiff has not previously amended the Complaint and defendants have not filed a responsive pleading, Plaintiff may file an amended complaint without

permission from the Court.[1]  For this reason, Plaintiff's motion for leave to supplement the Complaint is unnecessary.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). As a result of the requirements of § 1915, the Court does not order service of a prisoner's complaint by the U.S. Marshal unless and until the operative pleading has been screened and cognizable claims have been found. Plaintiff's complaint has yet to be screened such that service would be inappropriate at this juncture. Further, this case will not be screened until Plaintiff either files a first amended complaint or advises that in light of the information contained in this order, he no longer intends to amend the complaint.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for leave to supplement the Complaint is DENIED as unnecessary; Plaintiff's motions for service by the U.S. Marshal are DENIED; and Plaintiff is ordered, within thirty (30) days, to either file a first amended complaint, or advise that he no longer intends to amend the complaint and desires that the Complaint, filed October 5, 2009, be screened as the operative pleading in this action.

---

[1] It is preferable for clarity sake, for Plaintiff to file a first amended complaint rather than merely filing a supplement to the complaint. Further, Plaintiff should bear in mind that, pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). While Plaintiff states that his request to supplement is based upon actions that have taken place since the Complaint was filed, he cannot have exhausted his administrative remedies as to incidents that occurred subsequent to the date he filed the original complaint.

2

IT IS SO ORDERED.

**Dated:   March 4, 2010**               /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE