IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. BARRETT, | Case No. 1:09-cv-01741 LJO JLT (PC) |
| Plaintiff, | ORDER DISMISSING THE AMENDED COMPLAINT WITH LEAVE TO AMEND |
| vs. | (Doc. 14) |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's amended complaint filed March 19, 2010.[1]

I. **SCREENING**

  A. **Screening Requirement**

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. § 1915(A)(a). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a

---

[1] Plaintiff filed his original complaint and initiated this action on October 5, 2009. Before the Court had the opportunity to screen the complaint in accordance with 28 U.S.C. § 1915(A), Plaintiff filed an amended complaint on March 19, 2010. Because Plaintiff may amend his pleadings as a matter of right before service of a responsive pleading, see Fed. R. Civ. P. 15(a), the Court will disregard the original complaint and will evaluate the amended complaint for screening purposes.

1

claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**B.    Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.    Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

2

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). Although a complaint need not outline all the elements of a claim, there "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.   THE AMENDED COMPLAINT

In his amended complaint, Plaintiff identifies the following as defendants to this action: Matthew Cate (Secretary of the California Department of Corrections and Rehabilitation ("CDCR")); Issac Grillo (physician); Robert Bowman (physician); Charles Dudley Lee (physician); N. Aguilera (physician); William McGuinness (physician); Wesley McAllister (physician); William McGinnis (physician); Paulette Finnander (medical officer); S. Mostafania (physician assistant); Sharon Thomas (nurse); E. Delanda (prison guard); Dr. Wu (physician); Dr. Fitter (physician); and Sebok (prison guard). (Doc. 14 at 3-7.)

Plaintiff alleges as follows. In September 2002, Plaintiff suffered a back injury while incarcerated at Salinas Valley State Prison. For the next three years, Defendants Grillo, Bowman, and Lee were aware of Plaintiff's back injury but failed to provide Plaintiff with adequate medical care. For example, Defendants Grillo, Bowman, and Lee failed to take x-rays of Plaintiff's back. The three defendants also delayed scheduling back surgery for Plaintiff for almost a year, even after outside physicians recommended such a course of treatment. (Doc. 14 at 11, Exs. A-C.)

Plaintiff appeared to have been finally authorized to undergo back surgery in May 2005. However, before Plaintiff had the opportunity to undergo surgery, he was transferred to California

1  Medical Facility on May 9, 2005.  There, Defendant Aguilera informed Plaintiff that he would need to
2  be reexamined and re-approved for back surgery.  Defendant Aguilera ordered an MRI to be taken of
3  Plaintiff's back.  The MRIs were taken nine months later and merely confirmed Plaintiff's degenerative
4  back condition.  (Doc. 14 at 11-12, Ex. D.)
5         On May 4, 2006, Plaintiff was charged with committing battery against Defendant Thomas.
6  Plaintiff was initially found guilty of the offense, but after Plaintiff appealed the decision, the charges
7  were overturned.  Nevertheless, Plaintiff spent 19 months in the Security Housing Unit ("SHU") while
8  he awaited the completion of the appeals process.  There, Defendants McGuinness and McAllister failed
9  to treat Plaintiff's chronic back pain.  The two defendants simply ordered additional diagnostic testing
10 to confirm Plaintiff's already well-established back condition.  As a result, Plaintiff never underwent
11 surgery for his back at California Medical Facility.  (Doc. 14 at 12, Exs. E-F.)
12        On August 25, 2006, Plaintiff was transferred to California State Prison – Corcoran ("CSP–
13 Corcoran").  Upon his arrival, Plaintiff was notified by Defendant McGinnis that he would need to be
14 reexamined and re-approved for back surgery.  Accordingly, Defendant McGinnis authorized additional
15 diagnostic testing of Plaintiff's back.  However, despite receiving medical reports from other physicians
16 recommending back surgery, Defendant McGinnis failed to authorize or schedule back surgery for
17 Plaintiff.  (Doc. 14 at 12-13, Ex. G.)
18        On June 22, 2007, Plaintiff was assaulted by Defendant Delanda.  Plaintiff incurred lacerations
19 to his ear, head, and wrists.  Although Plaintiff was initially charged with attempted battery on Defendant
20 Delanda, those charges were eventually dismissed due to lack of evidence.  Nevertheless, while Plaintiff
21 awaited the completion of the disciplinary and appeals process, he was again forced to spend 19 months
22 in the SHU.  (Doc. 14 at 13, Ex. H.)
23        On June 25, 2009, Plaintiff was transferred to California State Prison – Lancaster ("CSP –
24 Lancaster").  Upon his arrival, Plaintiff was again notified by prison officials that he would need to be
25 reexamined and re-approved for surgery.  However, from the very beginning, prison officials at CSP –
26 Lancaster denied Plaintiff adequate treatment for his back.  For example, on June 26, 2009, Defendant
27 Mostafania discontinued all of Plaintiff's previously prescribed medications for a period of thirty days.
28 In addition, on August 17, 2009, Defendant Finnander ordered prison officials to confiscate Plaintiff's

wheelchair. As a result of these actions, Plaintiff continued to suffer from severe back pain. (Doc. 14 at 13-14, Exs. I-J.)

On September 18, 2009, Plaintiff filed a petition for writ of habeas corpus with the Los Angeles Superior Court. Plaintiff's case was subsequently transferred to the Federal Receiver in charge of overseeing the medical care provided at California's state prisons. On November 5, 2009, Plaintiff was reissued a wheelchair to alleviate his back pain caused by walking. On December 16, 2009, the Federal Receiver ordered prison officials to provide Plaintiff treatment and surgery if ordered to do so by a neurosurgeon. Nevertheless, on December 31, 2009, Defendant Sebok, with the approval of Defendants Wu and Finnander, confiscated Plaintiff's wheelchair once again. And, on January 2, 2010, Defendant Fitter, with the permission of Defendant Finnander, discontinued Plaintiff's Tylenol-3 prescription. (Doc. 14 at 14, Ex. K.)

Based on the above allegations, Plaintiff asserts four types of constitutional claims. First, Plaintiff claims that all the defendants failed to provide him adequate medical treatment in violation of the Eighth Amendment. Second, Plaintiff claims that Defendant Delanda used excessive force against him in violation of the Eighth Amendment. Third, Plaintiff claims that Defendants Thomas and Delanda violated his due process rights under the Fourteenth Amendment. And fourth, Plaintiff claims that Defendants Wu, Finnander, Fitter, and Sebok retaliated against him in violation of the First Amendment. In terms of relief, Plaintiff seeks monetary damages and injunctive relief. (Doc. 14 at 9, 14-16.)

**III.   DISCUSSION**

    **A.   Statute of Limitations for § 1983 Action**

For actions brought pursuant to 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations period for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-80 (1985); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Prior to January 1, 2003, the statute of limitations period in California for personal injury claims was one year. Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). Effective January 1, 2003, the statute of limitations period in California for personal injury claims was extended to two years. Cal. Civ. Proc. Code § 335.1. The extension of the statute of limitations period to two years applies to all claims that were not yet time-barred as of January 1, 2003 by the then-applicable statute of limitations period. Andonagui v. May Dept. Stores Co., 128 Cal. App.

4th 590, 597-98 (2009). However, the extension of the statute of limitations period cannot revive claims that were already time-barred under the previous one-year statute of limitations period. Id.; Maldonado, 370 F.3d at 954.

Federal courts also apply the forum state's laws regarding tolling to the extent that state law is not inconsistent with federal law. Jones, 393 F.3d at 927. Under California law, a prisoner is entitled to statutory tolling for up to two years if the cause of action accrued during incarceration. Cal. Civ. Proc. Code § 352.1. In addition, a prisoner may be entitled to equitable tolling if he had several legal remedies and, reasonably and in good faith, pursues one legal remedy to the detriment of another. See Aguilera v. Heiman, 174 Cal. App. 4th 590, 597-600 (2009) (discussing the requirements and applicability of equitable tolling).

In this case, Plaintiff's claims against Defendants Grillo, Bowman, and Lee appear to be time-barred. Plaintiff alleges that Defendants Grillo, Bowman, and Lee failed to provide him adequate medical care at Salinas Valley State Prison from September 2002 to May 2005. Giving Plaintiff the benefit of the doubt and assuming Plaintiff's claims accrued no earlier than May 9, 2005, Plaintiff had four years, or until May 9, 2005, to file his claims. See Cal. Civ. Proc. Code §§ 335.1 & 352.1. Plaintiff, however, initiated this action on October 5, 2009, almost five months after the expiration of the applicable statute of limitations. Accordingly, absent facts indicating that Plaintiff is entitled to further tolling, Plaintiff may not proceed on his inadequate medical care claims against Defendants Grillo, Bowman, and Lee.

**B.     Eighth Amendment - Inadequate Medical Care**

Plaintiff claims that Defendants failed to provide him adequate medical care. To state a claim for the violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must demonstrate: (1) an objectively serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

1992) (quoting Estelle, 429 U.S. at 104). A defendant acts with deliberate indifference if he knowingly fails to respond to a serious medical need, thereby inflicting harm. See Farmer v. Brennan, 511 U.S. 825, 842 (1994); see also Jett, 439 F.3d at 1096. "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Here, Plaintiff's allegations regarding his chronic back pain are sufficient to demonstrate an objectively serious medical need. Plaintiff has attached several medical reports to his amended complaint wherein physicians have noted that Plaintiff's back condition is worthy of treatment, even surgery. Moreover, Plaintiff alleges that his back pain significantly affects daily activities such as walking. Thus, whether Plaintiff states a cognizable inadequate medical care claim against each defendant hinges upon whether Plaintiff has alleged facts demonstrating that Defendants acted with deliberate indifference.

The Court finds that Plaintiff has alleged facts sufficient to demonstrate deliberate indifference with regards to Defendants Aguilera, McGuinness, McAllister, McGinnis, Finnander, Mostafania, Wu, and Fitter. Plaintiff alleges that these physicians had access to Plaintiff's medical files which clearly showed that Plaintiff was in need of back surgery. Plaintiff alleges further that these physicians nevertheless persisted in ordering duplicative, unnecessary diagnostic testing. According to Plaintiff, even when the diagnostic tests confirmed Plaintiff's need for surgery, these defendants still failed to authorize surgery for Plaintiff. If these allegations are proven true, Plaintiff has a reasonable opportunity of establishing that these defendants "[knew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.

The Court also finds, however, that Plaintiff fails to allege facts demonstrating deliberate indifference as to Defendants Sebok, Thomas, and Delanda. There is no indication that Defendant Sebok actually knew of and disregarded any serious risk to Plaintiff's health. Defendant Sebok appears to have confiscated Plaintiff's wheelchair per direct orders from Defendants Wu and Finnander. As to Defendants Thomas and Delanda, Plaintiff's theory of causation is too attenuated to impose liability on

these defendants. In essence, Plaintiff alleges that the disciplinary charges initiated by Defendants Thomas and Delanda led to Plaintiff being confined in the SHU, where he was eventually provided inadequate medical care. Absent facts demonstrating that Defendants Thomas and Delanda initiated disciplinary charges for this very purpose, Plaintiff fails to show how Defendants Thomas and Delanda were deliberately indifferent to his serious medical needs. Accordingly, Plaintiff fails to state cognizable inadequate medical care claims against these defendants.

Lastly, the Court notes that Plaintiff fails to allege any facts with respect to Defendant Cate. Plaintiff apparently seeks to impose liability on Defendant Cate solely based upon the defendant's supervisory position. Supervisory personnel, however, are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*. Monell, 436 U.S. at 691. Thus, when a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). Here, Plaintiff fails to allege any facts, let alone facts establishing a direct causal link between the actions of Defendant Cate to the denial of medical care. Plaintiff therefore fails to state a cognizable inadequate medical care claim against Defendant Cate.

**C.     Eighth Amendment - Excessive Force**

Plaintiff claims that Defendant Delanda used excessive force against him. "When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In determining whether a prison official has used excessive force, "the core judicial inquiry . . . is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Factors the court may consider in making this determination include: (1) the extent of the injury; (2) the need for force; (3) the relationship between the need and the amount of force used; (4) the threat as reasonably perceived by prison officials; and (5) any efforts made by prison officials to temper the severity of a forceful response. Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

Plaintiff's allegations against Defendant Delanda regarding the use of excessive force are vague and conclusory. Apart from the rules violation report attached to the amended complaint, (see Doc. 14

8

at Ex. H,) Plaintiff does not explain why he believes the force used by Defendant Delanda was applied "maliciously and sadistically" for the very purpose of causing harm. Hudson, 503 U.S. at 7. In fact, as far as the Court can discern from the limited facts provided by the rules violation report, it appears that Defendant Delanda applied force in a good-faith, albeit mistaken, effort to restore discipline. Accordingly, without alleging more, Plaintiff fails to state a cognizable excessive force claim against Defendant Delanda.

### D. Fourteenth Amendment - Due Process

Plaintiff claims that Defendants Thomas and Delanda violated his due process rights. The Due Process Clause prohibits state action that deprives a person of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). A plaintiff alleging a procedural due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002).

A protected liberty interest may arise under the Due Process Clause itself or under a state statute or regulation. Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005). The Due Process Clause in of itself protects only those interests that are implicit in the word "liberty." See, e.g., Vitek v. Jones, 445 U.S. 480, 493 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to a mental institution). A state statute or regulation, however, gives rise to a protected liberty interest if it imposes conditions of confinement that constitute an "atypical and significant hardship [on the prisoner] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). This requires a factual comparison between the conditions of confinement caused by the challenged action and the basic conditions of prison life. See Wilkinson, 545 U.S. at 223-24 (placement of prisoners in a highly restrictive "supermax" prison implicated a protected liberty interest); Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000) (no liberty interest where the conditions of the security housing unit were not materially different from those in the general population).

Here, Plaintiff fails to allege facts demonstrating that he was denied a protected liberty interest. Plaintiff alleges that he was confined to the SHU on two occasions for 19-month periods each.

However, apart from the duration of the confinement, Plaintiff fails to allege how the conditions of confinement in the SHU were materially different than those in the general population. Thus, there is no indication that the SHU terms incurred by Plaintiff created a "major disruption" in Plaintiff's environment or caused an "atypical or significant hardship [on him] in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484, 486. For this reason alone, Plaintiff fails to state a cognizable due process claim.

Furthermore, Plaintiff fails to link Defendants Thomas and Delanda to the denial of any of Plaintiff's procedural rights. Assuming that Plaintiff's placement in the SHU did implicate a protected liberty interest, Plaintiff was entitled to the following procedural protections at his disciplinary hearing: (1) written notice of the charges against him; (2) at least 24 hours to prepare his defense; (3) a written statement regarding the evidence upon which the factfinders relied on; (4) the ability to request witnesses; and (5) deemed competent to understand the nature of the charge against him. See Wolff, 418 U.S. at 564-70. However, there is no indication in the amended complaint that Defendants Thomas or Delanda caused Plaintiff to be denied any of these protections. Accordingly, for this reason as well, Plaintiff fails to state a cognizable due process claim.

### E.     First Amendment - Retaliation

Lastly, Plaintiff claims that Defendants Wu, Finnander, Fitter, and Sebok retaliated against him. Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). A viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) the inmate's protected conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the adverse action did not reasonably advance a legitimate penological purpose. Id.; Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).

Plaintiff's allegations against Defendants Wu, Finnander, Fitter, and Sebok appear to satisfy the elements listed above. Plaintiff alleges that on September 18, 2009, he filed a habeas petition with the Los Angeles Superior Court contesting the adequacy of his medical care. Plaintiff alleges further that because of that habeas petition, Defendants Wu, Finnander, Fitter, and Sebok sought to retaliate against

Plaintiff shortly thereafter. Specifically, Plaintiff avers that as retaliation, Defendants Wu, Finnander, Fitter, and Sebok confiscated his wheelchair and discontinued his Tylenol-3 prescription. Assuming, that these allegations are true, as the Court must at this juncture of the litigation, Plaintiff states cognizable retaliation claims against Defendants Wu, Finnander, Fitter, and Sebok.

### F.      Signature Requirement for Pleadings

Pursuant to Federal Rule of Civil Procedure 11(a), all pleadings filed by a party must be signed. See Local Rule 131(b). By signing the complaint, a plaintiff certifies that he has made a reasonable inquiry and believes there is evidentiary support for his claims. Fed. R. Civ. P. 11(a). Plaintiff, however, has failed to sign the amended complaint.

### G.      Leave to Amend

The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). If Plaintiff elects to file a second amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files a second amended complaint, his previous pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the second amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV.     CONCLUSION

For the reasons set forth above, it is HEREBY ORDERED that:

1.  Plaintiff's amended complaint is **DISMISSED**;
2.  Plaintiff is granted thirty (30) days from the date of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the second amended complaint must bear the docket number

assigned to this case and must be labeled "Second Amended Complaint";

3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

4. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

IT IS SO ORDERED.

Dated:  **November 24, 2010**　　　　　　　　　　　　**/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE