IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. BARRETT,<br><br>             Plaintiff,<br><br>       v.<br><br>MATTHEW CATE, et al.,<br><br>             Defendants.<br>                                                    / | Case No. 1:09-cv-01741 LJO JLT (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR ASSISTANCE IN LOCATING DEFENDANT<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO FORWARD THIS ORDER TO THE LEGAL AFFAIRS DIVISION OF THE CDCR<br><br>(Doc. 30) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On February 25, 2011, the United States Marshal returned service documents addressed to Defendant McGinnis unexecuted. (Doc. 21.) On March 2, 2011, the Court ordered Plaintiff to provide additional information regarding Defendant McGinnis. (Doc. 22.) In response, on April 22, 2011, Plaintiff filed a motion for assistance in obtaining information regarding Defendant McGinnis for the purpose of effectuating service. (Doc. 30.) Defendants subsequently opposed the motion, arguing that: (1) Plaintiff cites no authority for requiring "correction department defendants" to assist Plaintiff in effectuating service; and (2) Plaintiff appears to have erroneously confused Defendant McGinnis with Defendant McGuinness, who is already a party to this action. (Doc. 31 at 1-2.)

The Court addresses Defendants' second argument first. From the operative pleadings, it does not appear that Plaintiff erroneously confused Dr. McGinnis with Dr. McGuinness. Plaintiff explicitly

1

alleges that Dr. McGinnis examined him while he was confined at California State Prison Corcoran, whereas Dr. McGuinness examined him while he was confined at California Medical Facility. (Doc. 17 at 4-5.) Thus, Plaintiff's clear position is that Dr. McGinnis and Dr. McGuinness are two entirely different individuals.

As to Defendants' first argument, this Court has consistently recognized the role the California Department of Corrections and Rehabilitation must play in assisting proper service of process on prison officials in light of a prisoner's incarcerated status and the sensitivity of all information pertaining to prison officials. Therefore, while the Court will not require Defendants themselves to assist in the location of Defendant McGinnis, the Court will seek the assistance of the Legal Affairs Division of the California Department of Corrections and Rehabilitation.

Accordingly, it is **HEREBY ORDERED** that:

1. The Clerk of the Court is directed to forward a copy of this order to the Legal Affairs Division of the California Department of Corrections and Rehabilitation.

2. The Court requests that, within sixty (60) days of the date of this order, the Legal Affairs Division provide a current address for William McGinnis where service of process may be effectuated. Plaintiff indicates that William McGinnis worked at California State Prison, Corcoran in August 2006.

3. If an address can be ascertained, the Legal Affairs Division is directed to provide the information to the Court under seal. The Court will then order the United States Marshal to re-initiate service at that address.

4. If an address cannot be ascertained, the Legal Affairs Division is directed to furnish a written explanation to the Court as to why William McGinnis could not be located and what efforts were taken in this endeavor.

IT IS SO ORDERED.

Dated:  **May 31, 2011**                              /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE